CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 03, 2024
LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

|  |  |  |
|---|---|---|
| **CHRISTIAN THOMAS NEALSON,** | ) | |
| Plaintiff, | ) | **Case No. 7:23-cv-00445** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **ASSISTANT WARDEN OWENS, et al.,** | ) | **Chief United States District Judge** |
| Defendants. | ) | |

## ORDER

Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against four correctional officials employed at Keen Mountain Correctional Center (Keen Mountain), alleging that exposure to black mold at that facility has exacerbated his breathing difficulties. The case is presently before the court on Nealson's motion for a temporary restraining order. ECF No. 20. In the motion, Nealson alleges that two correctional officers at Keen Mountain, who are not parties to this action, took retaliatory actions against him on April 4, 2024, after he expressed his intent to file another lawsuit. For the following reasons, the motion is **DENIED**.

A temporary restraining order or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. Additionally, because the purpose of preliminary injunctive relief is to "preserve the status quo and prevent irreparable

harm until the court has an opportunity to rule on the lawsuit's merits," the plaintiff "must necessarily establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). A temporary restraining order or preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997).

Applying these principles, the court concludes that Nealson's motion for a temporary restraining order must be denied. The motion does not address any of the requirements set forth in Winter, much less make a "clear showing" as to each requirement. Winter, 555 U.S. at 22. Additionally, the motion does not seek to prevent harm caused by the conduct alleged in the operative complaint. Instead, the motion seeks preliminary injunctive relief based on entirely new allegations of misconduct by correctional officers who are not parties to this action. Even if the new allegations could support claims of retaliation against the officers identified in the motion, they do not provide a basis for preliminary injunctive relief in this action.[*] See Devose, 42 F.3d at 471 (concluding that new allegations of retaliation did not entitle an inmate to a preliminary injunction in an action for inadequate medical treatment).

For these reasons, it is hereby **ORDERED** that Nealson's motion for a temporary restraining order, ECF No. 20, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

---

[*] If Nealson believes that the correctional officers took adverse actions against him in retaliation for exercising his First Amendment rights, he may file a separate complaint under § 1983 after exhausting his administrative remedies.

It is so **ORDERED**.

Entered: May 3, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.05.03 13:38:29
-04'00'

Michael F. Urbanski
Chief United States District Judge